UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLAKE L. WARNER,

   Plaintiff,

  v.

ALCOA ELECTRICAL/AGENCY HUMAN RESOURCES, *et al.*,

   Defendants.

NO. C19-1884RSL

ORDER REQUIRING MORE DEFINITE STATEMENT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on plaintiff's application for Court-appointed counsel. Dkt. # 9.

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment

ORDER REQUIRING MORE DEFINITE
STATEMENT AND DENYING MOTION
FOR APPOINTMENT OF COUNSEL - 1

of counsel must show indigency.

Mr. Warner is proceeding *pro se* and *in forma pauperis*. He alleges that defendants violated his rights under the Americans With Disabilities Act ("ADA") when they failed to provide an American Sign Language interpreter for his interview. The failure to engage in an interactive process in an effort to accommodate an interviewee's hearing impairment may constitute an ADA violation, *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088-89 (9th Cir. 2002), but Mr. Warner's statement of the facts related to this claim is muddled. He references, but does not include, various email communications and an EEOC report/letter. He also mentions a phone call to a wrong number and suspected tampering with his email communications. It is unclear from this recitation when and how Mr. Warner notified defendants of his disability and/or need for an interpreter, which defendant or defendants were involved in the decision not to provide an interpreter, when and how that decision was made, and whether the lack of an interpreter impacted his interview.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." At this point in time, plaintiff has stated a plausible legal claim but has not presented any facts in support of the claim. Plaintiff has not, therefore, shown that his right to relief is plausible under Rule 8(a)(2) or that his claim has merit for purposes of appointment of counsel.

For all of the foregoing reasons, the Court declines to issue summons in this matter and declines to send his motion for appointment of counsel to the Pro Bono Screening Committee for review. Plaintiff is hereby ORDERED to file on or before **March 12, 2020**, an amended

ORDER REQUIRING MORE DEFINITE
STATEMENT AND DENYING MOTION
FOR APPOINTMENT OF COUNSEL - 2

complaint which clearly and concisely identifies the acts of which each defendant is accused, how those acts violated plaintiff's rights under the ADA, and the relief requested (such as an injunction, compensatory damages, statutory damages). The key to filing an acceptable amended complaint will be providing enough facts in support of the legal claim asserted that one could conclude that plaintiff has a right to relief that is as least plausible. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, March 13, 2020.

Dated this 5th day of February, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING MORE DEFINITE
STATEMENT AND DENYING MOTION
FOR APPOINTMENT OF COUNSEL - 3